**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE RHODIA INC., ERISA LITIGATION<br><br>This Document Relates To<br>    ALL ERISA ACTIONS | ) MDL No. 1714<br>)<br>) Civil Action Nos.: 1:05-cv-10242-DAB<br>)                         1:05-cv-10243-DAB<br>)<br>) ECF CASE<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED COMPLAINT**

Defendants Rhodia Inc., the Benefits Committee of Rhodia Inc. ("Benefits Committee"), the Investment Committee for the Rhodia Inc. Savings Plus Plan ("Investment Committee"), John Donahue and Cheryl Staton (collectively, "defendants"), by their attorneys and pursuant to Fed. R. Civ. P. 12(b)(6) and the Court's May 9, 2006 Stipulated Order to Consolidate Related Actions (at ¶ 5), respectfully move to dismiss plaintiffs' consolidated complaint ("Consol. Compl.") in its entirety for failure to state a claim upon which relief can be granted. In support of their motion, defendants state the following:

      1.      Plaintiffs Jose Jimenez and Pam Skeeters ("plaintiffs") are former Rhodia Inc. employees and current participants in the Rhodia Inc. Savings Plus Plan ("the Plan"), a 401(k) retirement plan. Plaintiffs bring this case as a purported "stock drop" lawsuit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.,* alleging that defendants violated ERISA's fiduciary duty provisions by (i) "imprudently" continuing to offer the Rhodia Stock Fund ("Stock Fund") as a voluntary Plan investment option and make employer matching contributions to the Stock Fund at a time when Rhodia's stock

price was declining (Count I – the "prudence claim"); and (ii) failing to provide participants with accurate information about the Company's current and future financial prospects and failing to advise them that their investments in the Plan were at "substantial risk" (Count III – the "disclosure claim").[1]  Plaintiffs purport to represent a class of Plan participants "for whose individual accounts the Plan held shares of Rhodia stock from January 1, 1999 to the present." (Consol. Compl. ¶ 105).

2.  The Stock Fund invests in the stock of Rhodia Inc.'s French parent company, Rhodia SA, which is headquartered in Paris, France.  The distinction between Rhodia Inc. and Rhodia SA is critical, because plaintiffs seek to hold Rhodia Inc. (which is headquartered in New Jersey) and the Plan's Investment and Benefit Committees (comprised of U.S. employees of Rhodia Inc.) liable *under ERISA* for alleged misrepresentations made *in France* to the general public *by Rhodia SA* (a non-party to this lawsuit), even though Rhodia SA has no responsibility with respect to the Plan.

3.  The Court should dismiss the entire consolidated complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  <u>First</u>, plaintiffs' disclosure claim is not cognizable because it is based on statements to the general public in SEC filings and press releases issued by Rhodia SA.  Rhodia SA is not a party, is not a fiduciary of the Plan, and such public statements are not fiduciary communications as a matter of law.

4.  <u>Second</u>, plaintiffs' prudence claim should be dismissed because (a) the decisions to establish the Stock Fund as a Plan investment and to invest a portion of the Rhodia Inc. employer match in the Stock Fund are matters of plan design that cannot be challenged under

---

[1] In Count II, plaintiffs allege an additional claim against Plan trustee Fidelity Management Trust Company ("Fidelity"); however, plaintiffs have never served Fidelity.  Since Jimenez and Skeeters filed their original complaints on June 13 and 14, 2005, respectively, the 120-day deadline for service under Fed. R. Civ. P. 4 (October 11 and 12, 2005 for Jimenez and Skeeters, respectively), has long since passed.  Thus, Fidelity is not a party to this lawsuit.  As a matter of housekeeping, the Court should therefore dismiss Count II as well.

ERISA; and (b) Section 404(a)(2) of ERISA provides a complete safe harbor to plaintiffs' claim that defendants should have diversified or divested the Stock Fund of its holdings in Rhodia SA stock, notwithstanding the Plan's express mandate to hold Rhodia stock.

5.  <u>Third</u>, plaintiffs fail to state cognizable claims under ERISA's civil enforcement provisions.  Plaintiffs lack standing to sue on behalf of the Plan under Section 502(a)(2) of ERISA because they actually seek redress for personal, individualized losses, rather than "losses to the Plan."  To the extent plaintiffs seek to recover monetary relief, their claims are barred because such relief is unavailable under Section 502(a)(3) of ERISA.

6.  <u>Fourth</u>, aside from the legal deficiencies with plaintiffs' claims, Rhodia Inc. should be dismissed as a defendant because it is not a fiduciary under the Plan.  Rhodia Inc. is the Plan sponsor, but it exercises no discretion over the Plan's administration or investments.

7.  <u>Fifth</u>, and finally, plaintiffs' co-fiduciary liability claims should be dismissed because they are entirely derivative of plaintiffs' other claims (which fail for the reasons stated above).

WHEREFORE, for the foregoing reasons and those set forth in the accompanying memorandum of law in support of the motion to dismiss, defendants respectfully move this Court to dismiss the complaint in its entirety with prejudice and award defendants their costs, fees, and any such other relief as the Court deems equitable and just.

Respectfully submitted,

  s/ Deborah S. Davidson
Charles C. Jackson (admitted *Pro Hac Vice*)
Christopher Weals (admitted *Pro Hac Vice*)
Deborah S. Davidson (admitted *Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
(312) 324-1000 Telephone
(312) 324-1001 Facsimile

Melissa C. Rodriguez (MR-5819)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
(212) 309-6000 Telephone
(212) 309-6001 Facsimile

Attorneys for Defendants Rhodia Inc., the Benefits Committee of Rhodia Inc., the Investment Committee for the Rhodia Inc. Savings Plus Plan, John Donahue and Cheryl Staton

Dated: November 28, 2006

## CERTIFICATE OF SERVICE

I, Deborah S. Davidson, one of the attorneys for defendants Rhodia Inc., the Benefits Committee of Rhodia Inc., the Investment Committee for the Rhodia Inc. Savings Plus Plan, John Donahue and Cheryl Staton hereby certify that, on November 28, 2006, I electronically filed Defendants' Motion To Dismiss Plaintiffs' Consolidated Complaint with the Clerk of the Court using the Court's Electronic Case Filing System, which will send notification of such filing to the following:

>Jeffrey P. Fink
>ROBBINS UMEDA & FINK, LLP
>610 West Ash Street, Suite 1800
>San Diego, CA 92101
>(619) 525-3990 Telephone
>(619) 525-3991 Facsimile
>Email:  fink@ruflaw.com

>Richard P. Galler
>Ian S. Kleeblatt
>KLEEBLATT, GALLER, ABRAMSON & ZAKIM LLC
>25 Main Street, Court Plaza North
>Hackensack, NJ 07601
>(201) 342-1800 Telephone
>(201) 342-1848 Facsimile
>Email:  richard@kgalaw.com

I further certify that copies have been mailed by first class mail, postage prepaid, to the following non-ECF participant:

>Stan S. Mallison
>Hector R. Martinez
>LAW OFFICE OF MALLISON & MALLISON
>1042 Brown Ave., Suite A
>Lafayette, CA 94549
>(925) 283-3842 Telephone
>(925) 283-3426 Facsimile

                                     s/ Deborah S. Davidson

1-CH/184394.1